

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SUPERSEDING BILL OF INFORMATION FOR
OPERATING A CHILD EXPLOITATION
ENTERPRISE AND NOTICE OF FORFEITURE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 13-135 |
| v. | * | SECTION: "G" |
| JONATHAN JOHNSON | * | VIOLATIONS: 18 U.S.C. § 2252A(g) |
| | | 18 U.S.C. § 2252(a)(2) |
| | * | 18 U.S.C. § 2253 |

* * *

The United States Attorney charges that:

## COUNT 1

**A.  AT ALL TIMES MATERIAL HEREIN:**

1. **JONATHAN JOHNSON** ("**JOHNSON**"), the defendant herein, resided in Abita Springs, Louisiana, which is located in the Eastern District of Louisiana.

2. From in or about June 2012 to in or about June 2013, **JOHNSON** administered two websites, Website A and Website B, out of his Abita Springs home that advertised and distributed images and videos depicting the sexual victimization of children.

___Fee_____
___Process_____
_X_Dktd_____
___CtRmDep_____
___Doc. No._____

3. As the administrator of these websites, **JOHNSON** regulated membership in the websites and created two categories of website users: members and uploaders.

4. **JOHNSON** required members to register with a user name and password before they could download video files, comment on videos, or exchange private messages.

5. There were over 27,000 members of **JOHNSON's** websites located throughout the world.

6. Uploaders had the same privileges as members, but were also permitted to upload sexually explicit material directly to **JOHNSON's** websites.

7. **JOHNSON's** websites included tutorials that provided guidance to members and uploaders on ways to communicate with minor boys in order to coerce them into creating sexually explicit videos and **JOHNSON's** websites also provided instructions so members and uploaders could avoid detection from law enforcement.

8. **JOHNSON** frequently utilized and encouraged other members and uploaders to access popular social networking sites in order to search for and to locate unsuspecting minor boys for the purpose of having them create sexually explicit videos.

9. **JOHNSON** and other website members and uploaders created fictitious female Internet personas in order to initiate online communications with young boys.

10. **JOHNSON** and other website members and uploaders coerced hundreds of minor boys to record themselves engaging in sexually explicit conduct.

11. Unbeknownst to the minor boys, website uploaders transmitted the sexually explicit videos to **JOHNSON's** websites thereby allowing website members to view and download the videos.

12. Special Agents with the U.S. Department of Homeland Security, Homeland Security Investigations and the U.S. Postal Inspection Service determined **JOHNSON's** websites contained approximately 2,000 sexually explicit videos of young boys engaging in sexually explicit conduct as that term is defined in Title 18, United States Code, Section 2256.

**B.    THE OFFENSE:**

Between in or about June 2012 and continuing until on or about June 5, 2013, in the Eastern District of Louisiana and elsewhere, **JONATHAN JOHNSON,** the defendant herein, did knowingly engage in a child exploitation enterprise, that is, **JONATHAN JOHNSON** violated Chapter 110 of Title 18 of the United States Code, as a part of a series of felony violations constituting three or more separate incidents and involving more than one minor victim, which offenses are described below, incorporated herein, and committed those offenses in concert with three or more other persons.

### Violation 1

On or about December 16, 2012, **JOHNSON** did knowingly distribute, and attempt to distribute, visual depictions, that is, digital images and computer images, that had been mailed, shipped, and transported in interstate and foreign commerce, by any means, including by computer, the production of such visual depictions having involved the use of a minor engaging in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), and such visual depictions were of such conduct, to wit: **JOHNSON** distributed sexually explicit videos involving minors to S.Z., a website user whose identity is known to the United States Attorney, in violation of Title 18, United States Code, Section 2252(a)(2).

3

### Violation 2

On or about May 10, 2013, **JOHNSON** did knowingly distribute, and attempt to distribute, visual depictions, that is, digital images and computer images, that had been mailed, shipped, and transported in interstate and foreign commerce, by any means, including by computer, the production of such visual depictions having involved the use of a minor engaging in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), and such visual depictions were of such conduct, to wit: **JOHNSON** distributed sexually explicit videos involving minors to C.J., a website user whose identity is known to the United States Attorney, in violation of Title 18, United States Code, Section 2252(a)(2).

### Violation 3

On or about September 27, 2012, **JOHNSON** did knowingly distribute, and attempt to distribute, visual depictions, that is, digital images and computer images, that had been mailed, shipped, and transported in interstate and foreign commerce, by any means, including by computer, the production of such visual depictions having involved the use of a minor engaging in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), and such visual depictions were of such conduct, to wit: **JOHNSON** distributed sexually explicit videos involving minors to S.J., a website user whose identity is known to the United States Attorney, in violation of Title 18, United States Code, Section 2252(a)(2).

### Violation 4

On or about February 16, 2013, **JOHNSON** did knowingly receive, and attempt to receive, visual depictions, that is, digital images and computer images, that had been mailed, shipped, and transported in interstate and foreign commerce, by any means, including by computer, the production of such visual depictions having involved the use of a minor engaging in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), and such visual depictions were of such conduct, to wit: **JOHNSON** received sexually explicit videos involving minors from D.N.D., a website user whose identity is known to the United States Attorney, in violation of Title 18, United States Code, Section 2252(a)(2).

### Violation 5

On or about April 7, 2013, **JOHNSON** did knowingly distribute, and attempt to distribute, visual depictions, that is, digital images and computer images, that had been mailed, shipped, and transported in interstate and foreign commerce, by any means, including by computer, the production of such visual depictions having involved the use of a minor engaging in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), and such visual depictions were of such conduct, to wit: **JOHNSON** distributed sexually explicit videos involving minors to A.G., a/k/a M.G., a website user whose identity is known to the United States Attorney, in violation of Title 18, United States Code, Section 2252(a)(2).

## Violation 6

On or about April 13, 2013, **JOHNSON** did knowingly distribute, and attempt to distribute, visual depictions, that is, digital images and computer images, that had been mailed, shipped, and transported in interstate and foreign commerce, by any means, including by computer, the production of such visual depictions having involved the use of a minor engaging in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), and such visual depictions were of such conduct, to wit: **JOHNSON** distributed sexually explicit videos involving minors to A.K., a website user whose identity is known to the United States Attorney, in violation of Title 18, United States Code, Section 2252(a)(2).

## Violation 7

On or about June 14, 2012, **JOHNSON** did knowingly receive, and attempt to receive, visual depictions, that is, digital images and computer images, that had been mailed, shipped, and transported in interstate and foreign commerce, by any means, including by computer, the production of such visual depictions having involved the use of a minor engaging in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), and such visual depictions were of such conduct, to wit: **JOHNSON** received sexually explicit videos involving minors from J.F., a website user whose identity is known to the United States Attorney, in violation of Title 18, United States Code, Section 2252(a)(2).

All in violation of Title 18, United States Code, Section 2252A(g).

## **NOTICE OF FORFEITURE**

1. The allegations of Count 1 of this Superseding Bill of Information are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 2253.

2. As a result of the offense alleged in Count 1, defendant, **JONATHAN JOHNSON**, shall forfeit to the United States all property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and/or any property, real or personal, used or intended to be used to commit or to promote the commission of such

offenses, in violation of Title 18, United States Code, Sections 2252A(g), 2252(a)(2), and 2253, including but not limited to:

    a. One (1) Acer Laptop Computer with Serial Number 95119656410,
    b. One (1) Cyber Power PC Tower,
    c. One (1) Apevia Tower,
    d. One (1) Seagate 3TB External Hard Drive,
    e. One (1) Western Digital External Hard Drive,
    f. One (1) Samsung Tablet Computer,
    g. One (1) Samsung Cell Phone.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 2253(o) to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Section 2253.

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY

BRIAN M. KLEBBA
Assistant United States Attorney
New York Bar Registration Number 2938728

New Orleans, Louisiana
February 18, 2014

No. 13-135 "G"

# United States District Court
## FOR THE
### EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

vs.

JONATHAN JOHNSON

Superseding Bill of Information for Operating a Child Exploitation Enterprise and Notice of Forfeiture

Violation(s): 18 USC §§ 2252A(g), 2252(a)(2), and 2253

Filed _____, 20 14 _____, Clerk.

By _____/s/_____, Deputy

Brian M. Klebba

*Assistant United States Attorney*