
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 13-135 |
| v. | * | SECTION: "G" |
| JONATHAN JOHNSON | * | VIOLATIONS: 18 U.S.C. § 2252A(g) |
| | | 18 U.S.C. § 2252(a)(2) |
| | * | 18 U.S.C. § 2253 |

\*    \*    \*

## FACTUAL BASIS

Should this matter proceed to trial, both the government and the defendant, **JONATHAN JOHNSON** ("**JOHNSON**") do hereby stipulate and agree that the following facts set forth a sufficient factual basis for the crime to which the defendant is pleading guilty and that the government would prove the following beyond a reasonable doubt at trial:

**JOHNSON**, the defendant herein, resided in Abita Springs, Louisiana, which is located in the Eastern District of Louisiana. From in or about June 2012 to in or about June 2013, **JOHNSON** administered four websites out of his Abita Springs home that advertised and distributed images and videos depicting the sexual victimization of children. As the

1

Administrator of these websites, **JOHNSON** regulated membership in the websites and created two categories of website users: members and uploaders. **JOHNSON** required members to register before they could download video files, comment on videos, or exchange private messages. Uploaders had the same privileges as members, but were also permitted to upload sexually explicit material directly to **JOHNSON's** websites. **JOHNSON's** websites also included tutorials that provided guidance to members and uploaders on ways to communicate with minor boys in order to coerce them into creating sexually explicit videos and **JOHNSON's** websites also provided instructions so members and uploaders could avoid detection from law enforcement.

**JOHNSON** frequently utilized and encouraged other members and uploaders to access popular social networking sites in order to search for and locate unsuspecting minor boys for the purpose of having them create sexually explicit videos. **JOHNSON** and other website members and uploaders created fictitious female Internet personas in order to initiate online communications with young boys. **JOHNSON** and other website members and uploaders coerced hundreds of minor boys to record themselves engaging in sexually explicit conduct. Unbeknownst to the minor boys, website uploaders transmitted the sexually explicit videos to **JOHNSON's** websites thereby allowing website members to view and download the videos.

Special Agents with the U.S. Department of Homeland Security, Homeland Security Investigations ("HSI") and the U.S. Postal Inspection Service ("USPIS") determined **JOHNSON's** websites contained approximately 2,000 sexually explicit videos of young boys engaging in sexually explicit conduct as that term is defined in Title 18, United States Code, Section 2256.

On or about May 15, 2013, HSI Special Agents and USPIS Postal Inspectors executed a federal search warrant, based on probable cause, at the Abita Springs residence of **JOHNSON**. The investigation revealed that **JOHNSON** enticed numerous minors, between the ages of 13 and 17 to engage in sexually explicit conduct on the Internet, either alone, with other children as young as 18 months old, and/or with animals. **JOHNSON** and other website users recorded the sexually explicit activity and traded the material with individuals on the Internet. **JOHNSON** also uploaded the sexually explicit content which involved minors to two websites which were created by **JOHNSON**: Website A and Website B. These two websites specialized in material involving the sexual exploitation of minors.

According to **JOHNSON**, he communicated with individuals involved with Website A and Website B using various computer related communication methods, including Skype, Facebook, email, Internet Relay Chat, Team Speak, and GigaTribe. **JOHNSON** and the others users of these two websites created fictitious female personas, on Internet social networks, which they used to locate and entice minors to engage in sexually explicit activity for the purpose of recording the activity and for further distribution.

The government would establish that between in or about June 2012 and continuing until on or about June 5, 2013, in the Eastern District of Louisiana and elsewhere, **JOHNSON** did knowingly engage in a child exploitation enterprise, that is, **JOHNSON** violated Chapter 110 of Title 18 of the United States Code, as a part of a series of felony violations constituting three or more separate incidents and involving more than one minor victim, which offenses are described below, incorporated herein, and committed those offenses in concert with three or more other persons.

### Violation 1

On or about December 16, 2012, **JOHNSON** did knowingly distribute, and attempt to distribute, visual depictions, that is, digital images and computer images, that had been mailed, shipped, and transported in interstate and foreign commerce, by any means, including by computer, the production of such visual depictions having involved the use of a minor engaging in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), and such visual depictions were of such conduct, to wit: **JOHNSON** distributed sexually explicit videos involving minors to S.Z., a website user, in violation of Title 18, United States Code, Section 2252(a)(2).

### Violation 2

On or about May 10, 2013, **JOHNSON** did knowingly distribute, and attempt to distribute, visual depictions, that is, digital images and computer images, that had been mailed, shipped, and transported in interstate and foreign commerce, by any means, including by computer, the production of such visual depictions having involved the use of a minor engaging in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), and such visual depictions were of such conduct, to wit: **JOHNSON** distributed sexually explicit videos involving minors to C.J., a website user, in violation of Title 18, United States Code, Section 2252(a)(2).

### Violation 3

On or about September 27, 2012, **JOHNSON** did knowingly distribute, and attempt to distribute, visual depictions, that is, digital images and computer images, that had been mailed, shipped, and transported in interstate and foreign commerce, by any means, including by computer, the production of such visual depictions having involved the use of a minor engaging in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), and such visual depictions were of such conduct, to wit: **JOHNSON** distributed sexually explicit videos involving minors to S.J., a website user, in violation of Title 18, United States Code, Section 2252(a)(2).

### Violation 4

On or about February 16, 2013, **JOHNSON** did knowingly receive, and attempt to receive, visual depictions, that is, digital images and computer images, that had been mailed, shipped, and transported in interstate and foreign commerce, by any means, including by computer, the production of such visual depictions having involved the use of a minor engaging in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), and such visual depictions were of such conduct, to wit: **JOHNSON** received sexually explicit videos involving minors from D.N.D., a website user, in violation of Title 18, United States Code, Section 2252(a)(2).

**Violation 5**

On or about April 7, 2013, **JOHNSON** did knowingly distribute, and attempt to distribute, visual depictions, that is, digital images and computer images, that had been mailed, shipped, and transported in interstate and foreign commerce, by any means, including by computer, the production of such visual depictions having involved the use of a minor engaging in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), and such visual depictions were of such conduct, to wit: **JOHNSON** distributed sexually explicit videos involving minors to A.G., a/k/a M.G., a website user, in violation of Title 18, United States Code, Section 2252(a)(2).

**Violation 6**

On or about April 13, 2013, **JOHNSON** did knowingly distribute, and attempt to distribute, visual depictions, that is, digital images and computer images, that had been mailed, shipped, and transported in interstate and foreign commerce, by any means, including by computer, the production of such visual depictions having involved the use of a minor engaging in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), and such visual depictions were of such conduct, to wit: **JOHNSON** distributed sexually explicit videos involving minors to A.K., a website user, in violation of Title 18, United States Code, Section 2252(a)(2).

**Violation 7**

On or about June 14, 2012, **JOHNSON** did knowingly receive, and attempt to receive, visual depictions, that is, digital images and computer images, that had been mailed, shipped, and transported in interstate and foreign commerce, by any means, including by computer, the production of such visual depictions having involved the use of a minor engaging in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), and such visual depictions were of such conduct, to wit: **JOHNSON** received sexually explicit videos involving minors from J.F., a website user, in violation of Title 18, United States Code, Section 2252(a)(2).

Further, the government would present evidence that would establish that the videos of child pornography were created using phones, cameras, and/or computer equipment that had been transported in interstate and foreign commerce. The government would show through testimony and documentary evidence that the equipment (phones, cameras, and/or computers) used by **JOHNSON** and his co-conspirators/members of his illegal enterprise to produce, receive, advertise, and distribute the child pornography were all manufactured outside of the State of Louisiana and were transported in interstate or foreign commerce.

Forensic evidence consisting of medical testimony, law enforcement officers, and supporting documentation would establish that the child victims were less than eighteen years old at the time **JOHNSON** and his co-conspirators/members of his illegal enterprise produced, received, advertised, and distributed the images.

Testimony would establish that many of the videos produced, received, advertised, and distributed by **JOHNSON** and his co-conspirators/members of his illegal enterprise were of prepubescent children less than 18 years of age; to wit: less than twelve (12) years old and that the videos of the child victims were "sexually explicit" as defined in Title 18, United States Code, Section 2256. All of the videos depicting the sexual victimization of minors produced, received, advertised, and distributed by **JOHNSON** would be introduced through the testimony of HSI agents.

Further, the government would present evidence that would establish that the videos of child pornography had been transported in interstate and foreign commerce via computer. Various records and testimonial evidence, including testimony from representatives of HSI and the USPIS, as well as other witnesses would also be called to prove the facts set forth above.

_____  　　　　  3/27/14
JONATHAN JOHNSON                                    DATE
Defendant

_____  　　　　  3/27/14
SAMUEL SCILLITANI                                   DATE
Counsel for Defendant

_____  　　　　  3/27/14
BRIAN M. KLEBBA                                     DATE
Assistant United States Attorney